996 F.2d 1228
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Karey Dworn GALLERSON, aka Kerety D. Gallerson, aka David
Hill, Defendant-Appellant.
 No. 92-30432.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 27, 1993.*
Decided May 20, 1993.
 
 Before BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Karey Dworn Gallerson appeals his conviction upon entry of a conditional guilty plea to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). Gallerson contends the district court erred by denying his motion to suppress evidence of a firearm seized following an allegedly illegal stop and search of his person. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the district court's denial of a motion to suppress. United States v. Prieto-Villa, 910 F.2d 601, 604 (9th Cir.1990). We uphold findings of fact made at a suppression hearing unless they are clearly erroneous. Id. Whether there was reasonable suspicion to justify an investigatory stop is a mixed question of law and fact which we review de novo. United States v. Hall, 974 F.2d 1201, 1204 (9th Cir.1992).
 
 
 4
 The Fourth Amendment permits an officer with an articulable suspicion that a person has committed or is about to commit a crime to temporarily detain that person. Id. An officer conducting an investigatory stop must not act on an "unparticularized suspicion or hunch." Terry v. Ohio, 392 U.S. 1, 27 (1968). Rather, the officer " 'must have a particularized and objective basis for suspecting the particular person stopped of criminal activity.' " United States v. Thomas, 863 F.2d 622, 625 (9th Cir.1988) (quoting United States v. Cortez, 449 U.S. 411, 417-18 (1981)). Nevertheless, "[t]he process does not deal with hard certainties, but with probabilities." Cortez, 449 U.S. at 418. The court must examine the totality of the circumstances in order to determine whether the officer's suspicion was reasonable. Hall, 974 F.2d at 1204.
 
 
 5
 A law officer may conduct a search for weapons pursuant to a limited detention if a reasonably prudent person under the circumstances would be warranted in the belief that his safety or the safety of others was in danger. United States v. Salas, 879 F.2d 530, 535 (9th Cir.), cert. denied, 493 U.S. 979 (1989); Thomas, 863 F.2d at 625. The aim of the limited search is "not to discover evidence of crime, but to allow the officer to pursue his investigation without fear of violence." Adams v. Williams, 407 U.S. 143, 146 (1972). The court must look to the totality of the circumstances to determine whether there was reasonable suspicion for a pat-down search. Prieto-Villa, 910 F.2d at 605.
 
 
 6
 Here, Officer Loretta Cool received a dispatch at 9:01 p.m. regarding a disturbance in front of 511 East Harrison Street, Tacoma, Washington. The dispatch described a fist fight involving at least two to three black males. One of the males was reported to have arrived in a blue car and to have returned to the car to retrieve something shiny out of the back seat, possibly a hand gun.
 
 
 7
 Officer Cool arrived at the scene at 9:06 p.m. She was the first officer to arrive. Because she was alone, Officer Cool parked approximately one and one-half blocks away from 511 East Harrison. She wanted to assess the situation and wait until other officers arrived. From that distance, she was able to see a group of four or five people standing across the street from 511 East Harrison. She was unable to discern if they were males or females, but they were black and they appeared to be arguing.
 
 
 8
 Shortly after she arrived, Officer Cool saw Gallerson, a black male, leave the group, walk across the street to a red car parked directly in front of 511 East Harrison, and open the car door. It was the only car parked in front of 511 East Harrison. At that point, Officer Cool turned on her headlights and moved her car up until it was seven or eight feet behind the red car. As Officer Cool approached, Gallerson closed the car door and began to walk back across the street to rejoin the group.
 
 
 9
 Officer Cool exited her vehicle and followed Gallerson across the street, observing that another patrol car was arriving. As she approached the group, a woman from the group began shouting at Officer Cool, telling her she had no business being there and everything was taken care of. Officer Cool explained that the police had received a call about a disturbance and she wanted to ask some questions. Officer Cool then took Gallerson by the shoulder, informed him she wanted to pat him down, and moved him away from the group. When she touched his shoulder, she felt that he was wearing body armor. She leaned him up against a nearby van to pat search him, and saw a bulge resembling the butt of a handgun. She then felt a holster, removed a loaded nine millimeter pistol, and handcuffed Gallerson.
 
 
 10
 Officer Cool formed a reasonable suspicion that Gallerson was armed based upon her observations. See Hall, 974 F.2d at 1204. The group on East Harrison matched the description broadcast over the police radio. In addition, based on the information regarding one person from the group going to a car to retrieve a "shiny object," there was reason to believe that someone in the group was armed. Gallerson was the only person to leave the group, go to a car parked directly in front of 511 East Harrison street, open the door, shut it when Officer Cool pulled her car up, and return to the group.[1] Because her suspicion was reasonable, Officer Cool acted within her authority by stopping Gallerson, see Hall, 974 F.2d at 1204, and by conducting a limited search for weapons which constituted a danger to officers and civilians, see Thomas, 863 F.2d at 625.
 
 
 11
 Accordingly, the district court did not err by denying Gallerson's motion to suppress the evidence. See Prieto-Villa, 910 F.2d at 604.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Gallerson's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although the dispatch referred to a blue car, and the car Gallerson walked to was red, an officer could reasonably assume the dispatch or witness made a mistake and this was the car from which the person took the shiny object